KDE:DGR/NJM/LRO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **A F F I D A V I T   A N D   C O M P L A I N T** |
| - against - | (18 U.S.C. §§ 922(g) and 2) |
| FRANKLIN GILLESPIE,<br>    also known as "Spazz,"<br>    and "Frankie Gino," | Case No. 20-MJ-765 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      KIRAN MATHEW, being duly sworn, deposes and states that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives duly appointed according to law and acting as such.

      On or about September 3, 2020, within the Eastern District of New York, the defendant FRANKLIN GILLESPIE, together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm and ammunition, to wit: (a) one nine-millimeter Hi Point Model C9 semi-automatic pistol bearing serial number P1335925; (b) one nine-millimeter semi-automatic pistol bearing "United R&D," "9X19 Glock" and serial number BGPX376; and (c) one nine-millimeter MasterPiece Arms pistol bearing serial number F10659.

      (Title 18, United States Code, Sections 922(g) and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") and have been since 2018. From 2015 to 2018, I was an Investigative Analyst with the ATF. I have been involved in the investigation of numerous cases involving the illegal possession and use of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about September 3, 2020, at approximately 1:45 a.m., three New York City Police Department ("NYPD") officers ("Officer-1," "Officer-2" and "Officer-3") heard the sound of gunshots in the vicinity of the NYPD's 77th Precinct in Brooklyn, New York. The officers left the 77th Precinct in an unmarked NYPD vehicle, attempting to locate the scene of the shooting.

3. Shortly thereafter, the officers observed a vehicle with front-end damage stopped near the intersection of Troy Avenue and Bergen Street in Brooklyn. The officers pulled over and Officer-1 exited the NYPD vehicle.

4. At that time, the driver of the damaged vehicle ("Individual-1") informed Officer-1, in sum, substance and in part, that Individual-1 had heard gunshots and

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

that, immediately thereafter, Individual-1's vehicle was struck by a white car. Individual-1 further informed Officer-1 that the white car continued northbound on Troy Avenue.

5. After Officer-1 returned to the NYPD vehicle, the officers began traveling north on Troy Avenue in the direction Indivdual-1 stated the white car had travelled. Thereafter, while travelling on Troy Avenue, the officers observed a white Pontiac sedan with damage to its rear taillight, which damage was consistent with the white Pontiac having been in an accident.

6. The officers followed the white Pontiac as it turned onto Pacific Street. Based on, among other things, the white Pontiac's traffic infraction for having a damaged taillight, the NYPD vehicle's emergency lights were activated and the officers pulled behind the white Pontiac, which had come to a stop. The three officers exited the NYPD vehicle and approached the white Pontiac on foot. As the officers approached, the white Pontiac pulled away at a high rate of speed.

7. All three officers returned to the NYPD vehicle, which began pursuing the white Pontiac. After heading westbound on Pacific Street, the white Pontiac made a right turn onto Bedford Avenue, followed by a left turn onto Atlantic Avenue.

8. While pursuing the white Pontiac on Atlantic Avenue, the officers observed the white Pontiac drive erratically, lose control and crash into the median. The officers observed three black males exit the white Pontiac and run away on foot.

9. Officer-1 and Officer-2 exited the NYPD vehicle and pursued the occupants. Officer-3 remained with the white Pontiac that the occupants had crashed and abandoned on the median. Officer-1 apprehended the driver of the vehicle and Officer-2

4

apprehended the front passenger, who was later identified as the defendant FRANKLIN GILLESPIE.[2]

10. Upon returning to the white Pontiac, which was still disabled on the median, the officers looked through the windows of the vehicle and observed what appeared to be two firearms: the butt of a firearm was visible on the floor of the front passenger's seat, which was previously occupied by the defendant FRANKLIN GILLESPIE, and a second firearm was visible on the floor of the rear, passenger's side seat.

11. The NYPD towed the white Pontiac from the median to the 77th Precinct. During a subsequent inventory search of the white Pontiac, three firearms were recovered: the two firearms previously observed by the officers and a third firearm found under the front passenger's seat.

12. The three firearms recovered from the vehicle were identified as: (a) one nine-millimeter Hi Point Model C9 semi-automatic pistol bearing serial number P1335925, which was recovered from the floor of the front passenger's seat; (b) one nine-millimeter pistol bearing "United R&D," "9X19 Glock" and serial number BGPX376, which was recovered from beneath the front passenger's seat; and (c) one nine-millimeter MasterPiece Arms pistol bearing serial number F10659, which was recovered from the floor of the rear, passenger's side seat. Based on my review of a report prepared by a nexus expert with the ATF, I am aware that these three firearms were manufactured outside of New York State.

---

[2] As set forth below, the defendant FRANKLIN GILLESPIE has two prior federal convictions in the Eastern District of New York for possessing a firearm as a convicted felon and is currently on federal supervised release.

13. I have reviewed criminal history records for the defendant FRANKLIN GILLESPIE, which reveal that, in addition to convictions in New York State, he has the following prior federal felony convictions in the Eastern District of New York:

a. On or about October 6, 2011, GILLESPIE was convicted, following a guilty plea, of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See United States v. Gillespie, No. 11-CR-371 (KAM) (E.D.N.Y.) (Judgment, ECF No. 35).) On or about September 20, 2013, the Honorable Kiyo A. Matsumoto, United States District Judge, Eastern District of New York, sentenced the defendant principally to 41 months' imprisonment to be followed by three years' supervised release. (Id.)

b. On or about September 27, 2016, while serving his prior supervised release term, GILLESPIE was convicted, following a guilty plea, of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See United States v. Gillespie, No. 16-CR-252 (KAM) (E.D.N.Y.) (Judgment, ECF No. 27).) On or about June 6, 2017, the Honorable Kiyo A. Matsumoto, United States District Judge, Eastern District of New York, sentenced the defendant principally to 46 months' imprisonment to be followed by three years' supervised release. (Id.)

WHEREFORE, your deponent respectfully requests that the defendant FRANKLIN GILLESPIE be dealt with according to law.

_____
KIRAN MATHEW
Special Agent, Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
4th day of September, 2020

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK